|, The state filed a habitual offender bill of information pursuant to La.R.S. 15:529.1 alleging nine predicate felonies under five docket numbers after the defendant was found guilty by a jury of distribution of cocaine, R.S. 40:967, on August 7, 2012. Defendant admitted the allegations in the habitual offender bill of information and was senténced on February 4, 2013, to serve 35 years imprisonment at hard labor without benefit of probation or suspension of sentence. On direct appeal, the court of appeal found as an error patent that this sentence was illegally lenient. Because the present offense is a violation of the Uniform Controlled Dangerous Substance Law punishable by imprisonment for 10 years or more, and two of defendant’s prior felonies, extortion and racketeering, are crimes punishable by imprisonment for< 12 years or more, the court of appeal found that the Habitual Offender Law, La.R.S. 15:529.1(A)(l)(c)(ii) (before the 2010 amendment), required a sentence of life imprisonment. Therefore, the court of appeal affirmed defendant’s conviction but amended his sentence accordingly, from 35 years imprisonment at hard labor without benefit of probation or suspension of sentence, to life imprisonment at |2hard labor without benefit of parole, probation, or suspension of sentence. State v. Kondylis, 13-0683 (La.App. 1 Cir. 12/27/13), 2013 WL 6858346.
Defendant seeks review in this Court, contending in part that the court of appeal erred in amending his sentence because the sentence had been negotiated and imposed pursuant to an agreement with the state and the trial court. The record contains the following exchange at the habitual offender adjudication hearing:
*1211 The Court: It’s my understanding through counsel today that [defendant] wishes to admit to the allegations of the Multiple Offender Bill of Information, is that correct, Mr. Yazbeck?
Mr. Yazbeck [defense counsel]: Yes, Your Honor, subject to discussions that Tim had with the Court and the District Attorney.
The subject of those discussions is not further revealed in the record. Defense counsel, however, presented no argument regarding what sentence would be appropriate and neither the state nor defense counsel made any objection after the sentence was imposed. The present record thus lends credibility to defendant’s contention that an agreement of some kind had been reached.
The present record, however, is not sufficient to answer the question. We therefore grant defendant’s application in part to vacate the amendment of sentence made by the court of appeal and remand this case to the trial court for purposes of determining whether the 35-year term of imprisonment at hard labor without benefit of probation or suspension of sentence imposed by the trial court came as a result of an agreement reached by defense counsel, the prosecutor, and the court. We note that under the recently enacted provisions of La.C.Cr.P. art. 890.1, 2012 La. Acts 160, which went into effect on May 17, 2012, or before defendant was convicted in August 2012 and sentenced in February 2013, a trial court now possesses the authority to depart from the mandatory terms of imprisonment and conditions placed on those sentences otherwise specified by [¡¡law by agreement of all parties. If the trial court finds that all parties reached an'agreement on the 35-year sentence, the court shall issue a new commitment order specifying that sentence was imposed under the authority of La.C.Cr.P. art. 890.1. See La.C.Cr.P. art. 890.1(E). If no such agreement was reached among all parties, the court shall vacate defendant’s sentence and resentence him to the mandatory term of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, as otherwise specified by La.R.S. 15:529.1(A)(l)(c)(ii) (now R.S. 15:529.1(A)(4)(b)). In all other respects, the application is denied.
HUGHES, J., concurs in part and dissents in part.