CRAIN, J.
|aThe defendant, Jacob McCalister Bell, was charged by bill of information with operating a vehicle while intoxicated, fourth offense, a violation of Louisiana Revised Statute 14:98. He pled not guilty and filed a motion to suppress. At the conclusion of a hearing on the matter, the trial court denied the motion. The defendant waived his right to a jury trial and, following a bench trial, was adjudged guilty as charged. He was sentenced to twenty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The defendant now appeals, designating two counseled assignments of error and two pro se assignments of error. We affirm the conviction and sentence.
FACTS
On the night of December 8, 2011, the defendant was in the drive-through lane of a Burger King in Franklin, Louisiana, when he became upset and caused a disturbance. After initially refusing to take his food and leave, the defendant eventually left and went across the street to a McDonald’s restaurant. In response to a report of the incident, Officer Seth Dantin of the Franklin Police Department arrived at the Burger King about five minutes after the defendant had left the premises. A restaurant employee told Officer Dantin that the defendant caused a disturbance by “hollering” and cursing before finally going to the McDonald’s across the street, where he was in the drive-through lane in a maroon pickup truck. The Burger King personnel wanted Officer Dantin to tell the defendant that he was not allowed back on the premises that night.
Officer Dantin drove his patrol car to a parking lot next to the McDonald’s, where he parked and waited for the defendant to leave. When the defendant left the McDonald’s parking lot, Officer Dantin activated his vehicle’s lights and pulled the defendant over. Officer Dantin approached the truck’s window and, as he spoke with the defendant, smelled a strong odor of alcohol inside the truck and Lon the defendant’s breath. He then asked the defendant to step out of his vehicle and walk to the front of the officer’s vehicle. As the defendant walked, the officer observed him swaying from side to side. He also noticed that the defendant’s speech was slurred.'
After being advised of his Miranda[2] rights, the defendant submitted to a field sobriety test, which revealed nystagmus in *421 both eyes. According to Officer Dantin, the defendant did not perform well on the walk-and-turn test, and when the officer attempted to administer the one-leg-stand test, the defendant advised that he could not raise his leg as directed. In response to Officer Dantin’s instruction to recite the alphabet from A to U, the defendant recited it from A to V. Officer Dantin found the defendant to be under the influence and placed him under arrest. At the police station, an attempt to measure the defendant’s blood-alcohol content with an Intoxi-lyzer 5000 was unsuccessful because the defendant refused to blow into the instrument’s tube. Officer Dantin was the only witness called at the hearing on the motion to suppress and at the trial, and the defendant did not testify.
COUNSELED ASSIGNMENT OF ERROR NO. 1
In his first counseled assignment of error, the defendant argues that the trial court erred in denying his motion to suppress. Specifically, the defendant contends that Officer Dantin did not have reasonable suspicion, much less probable cause, to stop him because he had not committed any traffic violations, and the officer had no reasonable basis to believe he had committed or was about to commit a crime.
Trial courts are vested with great discretion when ruling on a motion to suppress. State v. Long, 03-2592 (La.9/9/04), 884 So.2d 1176, 1179, cert. denied, 544 U.S. 977, 125 S.Ct. 1860, 161 L.Ed.2d 728 (2005). When a trial court denies a motion to suppress, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court’s discretion, i.e., unless such ruling is not supported by the evidence. See State v. Green, 94-0887 (La.5/22/95), 655 So.2d 272, 280-81. However, a trial court’s legal findings are subject to a de novo standard of review. See State v. Hunt, 09-1589 (La.12/1/09), 25 So.3d 746, 751. In determining whether the ruling on the defendant’s motion to suppress was correct, we are not limited to the evidence adduced at the hearing on the motion. We may consider all pertinent evidence given at the trial of the case. State v. Chopin, 372 So.2d 1222, 1223 n. 2 (La.1979).
The Fourth Amendment to the United States Constitution and Article I, § 5, of the Louisiana Constitution protect people against unreasonable searches and seizures. Subject only to a few well-established exceptions, a search or seizure conducted without a warrant issued upon probable cause is constitutionally prohibited. Once a defendant makes an initial showing that a warrantless search or seizure occurred, the burden of proof shifts to the State to affirmatively show it was justified under one of the narrow exceptions to the rule requiring a search warrant. La. Code Crim. Pro. art. 703D; State v. Johnson, 98-0264 (La.App. 1 Cir. 12/28/98), 728 So.2d 885, 886. Evidence derived from an unreasonable seizure will be excluded from trial. See State v. Benjamin, 97-3065 (La.12/1/98), 722 So.2d 988, 989.
The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is, however, recognized by both federal and state jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Ducre, 604 So.2d 702, 706 (La.App. 1 Cir.1992). A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions. La.Code Crim. Pro. art. 215.1A; State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, *422 80 L.Ed.2d 543 (1984). Reasonable suspicion to stop is ssomething less than the probable cause required for an arrest, and the reviewing court must look to the facts of each case to determine whether a detaining officer had knowledge of sufficient facts and circumstances to justify an infringement of the suspect’s rights. State v. Robertson, 97-2960 (La.10/20/98), 721 So.2d 1268, 1269.
In order to assess the reasonableness of an officer’s conduct, it is necessary to balance the need to search or to seize against the harm of invasion. State v. Scott, 561 So.2d 170, 173 (La.App. 1 Cir.), writ denied, 566 So.2d 394 (La.1990). The totality of the circumstances must be considered in determining whether reasonable suspicion exists. State v. Payne, 489 So.2d 1289, 1291-92 (La.App. 1 Cir.), writ denied, 493 So.2d 1217 (La.1986). The detaining officer must have knowledge of specific, articulable facts which, taken together with rational inferences from those facts, reasonably warrant the stop. State v. Flowers, 441 So.2d 707, 714 (La.1983), cert. denied, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984); State v. Turner, 500 So.2d 885, 887 (La.App. 1 Cir.1986). The officer’s past experience, training, and common sense may be considered in determining if his inferences from the facts at hand were reasonable, and deference should be given to the experience of the officers present at the time of the incident. State v. Lowery, 04-0802 (La.App. 1 Cir. 12/17/04), 890 So.2d 711, 718, writ denied, 05-0447 (La.5/13/05), 902 So.2d 1018.
At the hearing for the motion to suppress, Officer Dantin testified that he was dispatched to Burger King regarding a customer (the defendant) in the drive-through who refused to take his food and leave. Because of this public disturbance, Officer Dantin stated that he made contact with the defendant to learn the reason for his actions and to advise him that the Burger King personnel did not want him to return to the restaurant. Similarly at trial, Officer Dantin testified that he was dispatched to Burger King in reference to a person causing a scene and | firefusing to leave. According to Officer Dantin, the disturbance by the customer consisted of “hollering” and cursing, and the officer was asked by the employees to inform the customer not to return.
In denying the motion to suppress, the trial court stated:
Okay. Well actually there is a statute, it’s called remaining after being forbidden, it’s both a city statute in the City of Franklin, and there’s a state statute [prohibiting] remaining where forbidden, and it requires that someone be notified that they’re forbidden to return to certain premises.
That was what Officer Dantin was attempting to do in this case, which is his duty as a police officer, to notify Mr. Bell that he was not to return to the premises of Burger King and that he was forbidden to be there, such that if he did return, he would have committed a crime and been subject to arrest.
As a result of his contact, this other information was discovered, and so therefore, I’m not going to suppress whatever took place after contact with Mr. Bell was made.
On appeal, the defendant argues the motion should have been granted because the evidence established that Officer Dantin’s reason for stopping the defendant was not based upon any suspected criminal activity but, instead, was to inform the defendant not to return to the Burger King. Officer Dantin acknowledged that he did not initiate the stop of the defendant based on erratic driving or any traffic infraction. In reliance on that testimony, the defendant contends that the officer had *423 no reasonable suspicion to conduct a traffic stop. The defendant further contends the trial court’s reliance on the referenced criminal statute, Louisiana Revised Statute 14:68.3, was misplaced because he never remained on the premises but, in fact, left on his own accord.[3]
| ^Although the defendant left the Burger King before Officer Dantin arrived, the officer nevertheless had knowledge that a belligerent customer had caused a disturbance at the restaurant and had refused to leave the premises until after law enforcement was contacted. The officer’s knowledge that the defendant had refused to leave the premises supports a rational inference that the Burger King personnel made some demand upon the defendant to leave and he failed to comply in a timely manner. Thus, the articulable facts, together with the rational inferences drawn therefrom, support a reasonable suspicion that the defendant violated Section 14:63.3A by remaining in the Burger King “after having been forbidden to do so.” Those same facts also support reasonable suspicion that other violations of the law may have occurred, including disturbing the peace pursuant to Louisiana Revised Statute 14:103.[4] Thus, at the time of the stop, Officer Dantin was aware of facts which provided reasonable cause to make an investigatory stop to inquire about the defendant’s activities. See Lowery, 890 So.2d at 716, 719 (officer who was informed by store employees of a disturbance involving an argument between store patrons had sufficient information to warrant reasonable suspicion that several violations of the law may have occurred, including disturbing the peace.).
Whether Officer Dantin had these particular statutes, or any others, in mind when he stopped the defendant is of no moment. The fact that the officer does not have the state of mind which is hy-pothecated by the reasons which provide the legal justification for the officer’s action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action. Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996). Subjective intentions play no role in ordinary, probable cause Fourth Amendment analysis. Id.; State v. Sherman, 05-0779 (La.4/4/06), 931 So.2d 286, 295. In Kentucky v. King, 563 U.S. 452, 131 S.Ct. 1849, 1859, 179 L.Ed.2d 865 (2011), the United State Supreme Court noted that it has repeatedly rejected a subjective approach, asking only whether the circumstances, viewed objectively, justify the action; and that it has never held, outside limited contexts such as an inventory search or administrative inspection, that an officer’s motive invalidates objectively justifiable behavior under the Fourth Amendment. See also State v. Thompson, 11-0915 *424 (La.5/8/12), 93 So.3d 553, 568-70; State v. Waters, 00-0356 (La.3/12/01), 780 So.2d 1053, 1056 (per curiam). Furthermore, public safety requires some flexibility for police officers to investigate and prevent crime. Lowery, 890 So.2d at 718.
Officer Dantin’s stop of the defendant did not violate the Fourth Amendment. Furthermore, after the stop, there was nothing improper about the officer asking the defendant to step out of his truck after the officer smelled alcohol on the defendant’s breath and inside his vehicle. Officer Dantin also noticed the defendant’s speech was slurred and saw the defendant swaying as he walked. None of these observations or actions — smelling alcohol, requesting the defendant to exit his vehicle, hearing slurred speech, and observing an unsteady gait — constituted a search by the officer for purposes of the Fourth Amendment. See State v. Benoit, 01-2712 (La.5/14/02), 817 So.2d 11, 13-16; State v. Evans, 48,489 (La.App. 2 Cir. 12/4/13), 130 So.3d 406, 412-14. When it became apparent to Officer Dantin that the defendant might be intoxicated, these observations gave him probable cause to investigate further. See State v. Eppinette, 36,825 (La.App. 2 Cir. 2/11/03), 838 So.2d 189, 192. Accordingly, we find no legal error or abuse of discretion in the trial court’s denial of the motion to suppress. This counseled assignment of error has no merit.
COUNSELED ASSIGNMENT OF ERROR NO. 2
In his second counseled assignment of error, the defendant argues that his total sentence is excessive. A thorough review of the record indicated the defendant did not make or file a motion to reconsider sentence following the trial court’s imposition of the sentence. Under Louisiana Code of Criminal Procedure articles 881.1E and 881.2A(1), the failure to make or file a motion to reconsider sentence precludes the defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. See State v. Mims, 619 So.2d 1059 (La.1993) (per curiam). The defendant is procedurally barred from having this assignment of error reviewed because of his failure to file a motion to reconsider sentence after being sentenced. See State v. Duncan, 94-1563 (La.App. 1 Cir. 12/15/95), 667 So.2d 1141, 1143 (en banc, per curiam).
PRO SE ASSIGNMENTS OF ERROR
The defendant filed a handwritten pro se brief urging that the state district court was an improper venue and that his right to a speedy trial was violated. The defendant contends that city court, rather than state court, was the proper venue for his case, although his argument appears to be based on jurisdictional grounds. The defendant suggests that because he was booked by the city, meaning the Franklin Police Department, rather than the “State,” proper venue for his case was in city court. This contention is baseless. Officer Dantin, with the Franklin Police Department, was conducting his duties within the proper jurisdiction when he arrested the defendant for DW1 in Franklin, a city located in St. Mary Parish. The State charged the defendant with DWI, 4th offense, which is a felony that carries a | ^sentence of imprisonment at hard labor. See La. R.S. 14:98E(4)(a).[5] The trial was conducted in the Sixteenth Judicial District Court for St. Mary Parish.
*425 A district court has original jurisdiction over all criminal matters and exclusive original jurisdiction of felony cases. See La. Const. art., V, § 16; State v. Davenport, 13-1859 (La.5/7/14), 147 So.3d 137, 144. Every person charged with a crime has the right to an impartial trial in the parish where the offense or an element of the offense occurred, unless venue is changed in accordance with law. See La. Const. art. I, § 16; State v. Parker, 12-1550 (La.App. 1 Cir. 4/26/13), 116 So.3d 744, 749, writ denied, 13-1200 (La.11/22/13), 126 So.3d 478; see also La. Code Crim. Pro. art. 611A. The defendant’s case was tried in the state district court for the parish where the offense occurred. This pro se assignment of error has no merit.
The defendant also asserts his right to a speedy trial was violated. The Louisiana Code of Criminal Procedure establishes multiple time periods relevant to the institution and prosecution of a criminal matter. Louisiana Code of Criminal Procedure article 701B(l)(a) requires the filing of an indictment or bill of information within sixty days of arrest when the defendant is continued in custody and is being held for a felony. If the defendant files a motion for speedy trial, the State must commence trial within 120 days if the defendant is charged with a felony and is continued in custody, unless the State shows just cause for the delay. La.Code Crim. Pro. art. 701D(l)(a) and D(2). Failure to file an indictment or commence trial within these periods results only in the release of the accused without bail or the discharge of the bail obligation. See La. Code Crim. Pro. art. 701D(2). In addition to the provisions of Article 701, Louisiana Code of Criminal Procedure article 578A(2) requires that trial commence within two years following the date of the institution of the prosecution for non-capital felony cases. The Inremedy for violation of this article is dismissal of the indictment pursuant to a motion to quash. La. Code Crim. Pro. art. 581.
The defendant was arrested for the instant offense on December 8, 2011, and the State filed a bill of information on March 5, 2012 The defendant filed a pro se motion for speedy trial that was heard and denied at the pretrial hearing on March 6, 2012, at which time he was also arraigned and pled not guilty.[6] The State filed an amended bill of information on December 7, 2012, and the bench trial was held on March 8,2013.
While more than sixty days elapsed from the time of the defendant’s arrest until the date the original bill of information was filed, Article 701 merely authorizes pretrial relief. State v. Gordon, 04-0633 (La.App. 1 Cir. 10/29/04), 896 So.2d 1053, 1062, writ denied, 04-3144 (La.4/1/05), 897 So.2d 600. The remedy for a speedy trial violation under Article 701 is limited to release from incarceration without bail or release of the bail obligation for one not incarcerated. Gordon, 896 So.2d at 1062. Once a defendant has been convicted, any allegation of a violation is moot. Gordon, 896 So.2d at 1062-63. Moreover, the hearing for the Article 701 motion was held after the State had instituted proceedings against the defendant. If prosecution is instituted after the statutory period has elapsed but before the hearing for a Article 701 motion, the defendant is no longer entitled to be released without bail. State v. Varmall, 539 So.2d 45, 46 (La.1989) (per curiam).
With respect to the requirements of Article 578A(2), less than two years elapsed between the trial date and the filing of *426 even the first bill of information. Accordingly, there was no violation of the defendant’s statutory or constitutional right to a speedy trial See Barker v. Wingo, 407 U.S. 514, 530-33, 92 S.Ct. 2182, 2192-93, 33 L.Ed.2d 101 (1972). These pro se assignments of error have no merit.
| ^REVIEW FOR ERROR
Pursuant to Louisiana Code of Criminal Procedure article 920, this court routinely conducts a review for error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. After a careful review of the record, we have found a sentencing error.
The defendant was sentenced to twenty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, but the trial court did not impose the mandatory fine of five thousand dollars. See La. R.S. 14:98E(l)(a) and (4)(b).[7] Thus, the defendant’s sentence is illegally lenient. An illegal sentence may be corrected at any time by an appellate court on review. La.Code Crim. Pro art. 882A. The defendant has no constitutional or statutory right to an illegally lenient sentence. State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, 797; see also State v. Kondylis, 14-0196 (La.10/3/14), 149 So.3d 1210, 1211. To conform with the legislatively mandated provisions of Louisiana Revised Statute 14:98E(l)(a) and (4)(b), we amend the defendant’s sentence to include a fine of five thousand dollars, in addition to imprisonment at hard labor for twenty years without benefit of parole, probation, or suspension of sentence.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED AS AMENDED.
McDONALD, J., concurs.

. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Section 14:63.3A provides in pertinent part:
No person shall without authority go into or upon or remain in or upon or attempt to go into or upon or remain in or upon any structure ... or immovable property, which belongs to another, including public buildings and structures ..., after having been forbidden to do so, either orally or in writing, including by means of any sign hereinafter described, by any owner, lessee, or custodian of the property or by any other authorized person.

. Section 14:103 provides, in pertinent part, that disturbing the peace is "the doing of any of the following in such manner as would foreseeably disturb or alarm the public: ... Addressing any offensive, derisive, or annoying words to any other person who is lawfully in any street, or other public place; or call him by any offensive or derisive name, or make any notice or exclamation in his presence and hearing with the intent to deride, offend, or annoy him, or to prevent him from pursuing his lawful business, occupation, or duty." La. R.S. 14:103A(2).

. Following 2014 La. Acts, No. 385, § 1, effective January 1, 2015, see now La. R.S. 14:98D(4) and 14:98.4A(1).

. The motion for speedy trial was not dated or file-stamped.

. Following 2014 La. Acts, No. 385, § 1, effective January 1, 2015, see now La. R.S. 14:98.4A(1) and C.