ON SUPERVISORY WRITS TO THE CRIMINAL, DISTRICT COURT, PARISH OF ORLEANS
PER CURIAM:
| (Writ granted in part; otherwise denied. Because the terms of the statutes under which relator was sentenced do not include a prohibition on parole, see R.S. 14:60, R.S. 14:69.1, and R.S. 15:529.1, relator’s sentence is amended to delete the parole prohibitions imposed at sentencing. His parole eligibility is to be determined by the Department of Corrections, pursuant to R.S. 15:574.4. See, e.g., State ex rel. Calvin v. State, 03-0870 (La. 4/2/04), 869 So.2d 866. The District Court is directed to make an entry in the minutes reflecting this correction. See La.C.Cr.P. art. 882(A) (“An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.”).
In all other respects, the application is denied. Relator does not show that he pled guilty involuntarily or that he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). His remaining habitual offender claims are not cognizable on collateral review. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172; see also State v. Cotton, 09-2397 (La. 10/15/10), 45 So.3d 1030; State v. Thomas, 08-2912 (La. 10/16/09), 19 So.3d 466. We attach ^hereto and make a part hereof the District Court’s written ruling denying post-conviction relief.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is Anal. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
*367 [[Image here]]
*368 [[Image here]]