CRAIN, J.
In State v. Badeaux, 17-0027, 2017 WL 2399365 (La. App. 1 Cir. 6/2/17), this court affirmed the convictions and sentences of the defendant, Shane Badeaux, on counts of aggravated flight from an officer and possession of a firearm or carrying concealed weapons by a felon. While that appeal was pending, the state filed a habitual offender bill of information, and the defendant was adjudicated a fourth or subsequent felony offender as to each count. The district court vacated the original sentences and sentenced the defendant to ten years at hard labor on the count of aggravated flight from an officer, and forty years at hard labor on the count of possession of a firearm by a felon, to be served consecutively and without benefit of probation, parole, or suspension of sentence.[1] We affirm the habitual offender adjudications and, due to sentencing error, vacate *1137 the sentences and remand for resentencing.
FACTS
The habitual offender bill of information alleged the following predicate felony convictions, in addition to the convictions affirmed in the prior appeal: (1) June 19, 1998 conviction of simple burglary under 17th Judicial District Court (JDC) docket number 311,843; (2) June 19, 1998 conviction of simple burglary under 17th JDC docket number 310,804; (3) November 18, 2004 conviction of possession of a Schedule IV controlled dangerous substance under 24th JDC docket number 44,639; (4) November 18, 2004 conviction of possession of a Schedule II controlled dangerous substance under 24th JDC docket number 44,639; (5) November 18, 2004 conviction of attempted possession of a firearm by a convicted felon under 24th JDC docket number 44,639; (6) September 12, 2013 conviction of attempted possession of a firearm by a convicted felon under 17th JDC docket number 516,840; and (7) September 12, 2013 conviction of theft (felony) under 17th JDC docket number 516,840.[2]
HABITUAL OFFENDER ADJUDICATION
In his sole counseled assignment of error, the defendant contends the trial court erred in adjudicating him a fourth or subsequent felony offender, arguing the state failed to present sufficient evidence to identify him as the person convicted of the predicate offenses.
To obtain a multiple-offender adjudication, the state is required to establish both the prior felony conviction and the defendant's identity as the person who committed the prior felony. State v. White, 13-1525 (La. 11/8/13), 130 So.3d 298, 300 (per curiam ). The Habitual Offender Act does not require the state to use a specific type of evidence to carry its burden of proof. State v. Payton, 00-2899 (La. 3/15/02), 810 So.2d 1127, 1132. Rather, the prior convictions may be proved by any competent evidence, including testimony from witnesses, expert opinion regarding the fingerprints of the defendant when compared with those in the prior record, photographs in the duly authenticated record, or evidence of identical driver's license number, sex, race, and date of birth. See Payton, 810 So.2d at 1130-32.
At the habitual offender hearing, the state introduced the testimony of Agent Brandon Allemand of the Department of Corrections, Division of Probation and Parole. Agent Allemand stated he knew the defendant, supervised his parole following a prior conviction, and testified at the defendant's trial on the most recent offenses. Agent Allemand also indicated his file included the defendant's birth date, social security number, and photograph. The state then proceeded to introduce documentary evidence as to each predicate alleged in the habitual offender bill of information. Agent Allemand testified all of the evidence matched the defendant's identifying information.
The trial court did not err in finding the state presented sufficient evidence to establish *1138 the defendant as the person who pled guilty to the prior felony offenses. The defendant argues the state failed to offer fingerprint evidence, and Agent Allemand did not supervise all the predicate convictions. However, the state was not required to present any specific type of evidence to carry its burden of proof. See Payton, 810 So.2d at 1132.
This assignment of error is without merit.
INEFFECTIVE ASSISTANCE OF COUNSEL
In a pro se assignment of error, the defendant argues his trial counsel was ineffective for failing to file a motion to quash the habitual offender bill of information where three prior felony convictions were obtained on the same day. Although more properly raised by an application for post-conviction relief, since the record discloses sufficient evidence to decide the claim, we address it in the interest of judicial economy. See State v. McCasland, 16-1178 (La. App. 1 Cir. 4/18/17), 218 So.3d 1119, 1130.
A claim of ineffectiveness of counsel is analyzed under the two-pronged test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish his trial attorney was ineffective, the defendant must show the attorney's performance was deficient, which requires a showing that counsel made errors so serious he was not functioning as the counsel guaranteed by the Sixth Amendment. The defendant must also prove the deficient performance prejudiced his defense. Failure to make the showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. McCasland, 218 So.3d at 1129.
The defendant argues his counsel should have filed a motion to quash the habitual offender bill of information because Louisiana Revised Statute 15:529. 1B requires multiple convictions obtained on the same day prior to October 19, 2004, be counted as a single conviction. The bill of information identifies three convictions on November 18, 2004, under 24th JDC docket number 44,639. The defendant maintains he committed and was convicted of those crimes before October 19, 2004, but was sentenced thereafter. However, the evidence establishes the defendant pled guilty to three counts under docket number 44,639 on November 18, 2004. Therefore, Section 15:529. 1B does not require that they be treated as one conviction. The two convictions under docket numbers 310,804 and 311,843 were obtained on the same day, prior to October 19, 2004. Therefore, Section 15:529.1B does require that they be counted as one conviction for habitual offender purposes. Nevertheless, the defendant was not prejudiced by not filing a motion to quash. Even considering those two convictions as one, the defendant qualified as a fourth or subsequent felony offender.
This assignment of error is without merit.
PATENT ERROR
Pursuant to Louisiana Code of Criminal Procedure article 920(2), all criminal appeals are reviewed for errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. Our review has revealed sentencing error requiring us to vacate the habitual offender sentences and remand for resentencing.
The minimum sentence mandated for a fourth or subsequent felony offender is twenty years imprisonment for each enhanced count. See La. R.S. 15:529. 1A(4)(a) (prior to revision by 2017 La. Acts No. 257, *1139 § 1 and No. 282, § 1); La. R.S. 14:108.1. Consequently, the habitual offender sentence of ten years imprisonment on the count of aggravated flight from an officer is illegally lenient. A defendant has no constitutional or statutory right to an illegally lenient sentence, and such a sentence cannot stand. See State v. Kondylis, 14-0196 (La. 10/3/14), 149 So.3d 1210 ; State v. Williams, 00-1725 (La. 11/28/01), 800 So.2d 790, 797.
Consistent with Kondylis, this court has corrected illegally lenient sentences by amending the sentence to impose the mandatory minimum sentence allowed by law.[3] See State v. Carter , 16-1078 (La. App. 1 Cir. 12/22/16), 210 So.3d 306, 309 ; State v. Robertson, 14-0252, 2014 WL 4668685 (La. App. 1 Cir. 9/19/14). Here, the sentencing transcript evidences the trial court's consideration of the cumulative impact of the sentences imposed on the two counts, with the forty-year enhanced sentence for possession of a firearm by a felon ordered to run consecutive to the illegally lenient ten-year sentence. The discretion involved in sentencing this defendant on multiple counts distinguishes this case from those where we have corrected a single sentence, and warrants vacating both sentences and remanding to the trial court for resentencing.[4] See State v. Haynes, 04-1893 (La. 12/10/04), 889 So.2d 224 (per curiam ).
HABITUAL OFFENDER ADJUDICATIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING.
GUIDRY, J concurs
PETTIGREW, J concurs

The trial court retains jurisdiction to impose sentence pursuant to the habitual offender law, even after an order of appeal is entered. La. Code Crim. Pro. art. 916(8).

In a pro se assignment of error, the defendant contends the habitual offender bill of information was defective because it was filed under an incorrect docket number and failed to include the dates the predicate offenses were committed and the conviction dates. We find the bill of information was not filed under an incorrect docket number. Nor is there legal support for the arguments regarding the form requirements of the bill of information. The bill of information apprised the defendant of the state's allegations and, as discussed herein, the required proof was adduced at the hearing. This assignment of error is without merit.

Louisiana Code of Criminal Procedure article 890.1 does authorize the district court to depart from mandatory sentencing provisions under certain circumstances when all parties agree. But, allowing an illegally lenient sentence to stand simply because the error is favorable to the defendant and not objected to by the state, in light of Louisiana Code of Criminal Procedure article 890.1 and Kondylis, is not legally supportable.

After imposing the two sentences, the trial court ordered the second sentence to run consecutive to the first, and "the sentence" to be served without parole, probation, or suspension of sentence. It is not clear whether the trial court imposed the parole restriction on one or both counts. While habitual offender sentences must be served without benefit of probation or suspension of sentence, parole restrictions can only be imposed if the underlying sentence being enhanced restricts parole. See La. R.S. 15:529.1G; State v. Tate, 99-1483 (La. 11/24/99), 747 So.2d 519, 520 (per curiam ). Therefore, restricting parole eligibility for the aggravated flight from an officer count would be improper. See 14:108.1E(1). Because we vacate the sentences and remand for resentencing, clarifying and further analyzing the parole eligibility restriction here is unnecessary. See State ex rel. Cravanas v. State, 14-1554 (La. 1/9/17), 208 So.3d 366 (per curiam ) (remedying an improper parole eligibility restriction in a habitual offender sentence by amending the sentence to delete the restriction).