# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2020 KA 0336

# STATE OF LOUISIANA

# VERSUS

# DAMON JAMEL LANDOR

**Judgment Rendered:** FEB 1 9 2021

\* \* \* \* \* \*

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
No. 600365

Honorable Raymond S. Childress, Judge Presiding

\* \* \* \* \* \*

Warren L. Montgomery      Counsel for Plaintiff/Appellee
District Attorney      State of Louisiana
J. Bryant Clark, Jr.
Assistant District Attorney
Covington, Louisiana

Bertha M. Hillman      Counsel for Defendant/Appellant
Louisiana Appellate Project      Damon Jamel Landor
Covington, Louisiana

\* \* \* \* \* \*

BEFORE: GUIDRY, McCLENDON AND LANIER, JJ.

**McCLENDON, J.**

The defendant, Damon Jamel Landor, was charged by bill of information with possession of less than two grams of amphetamines (count 1), a violation of LSA-R.S. 40:967(C)(1); possession of two grams or more but less than twenty-eight grams of cocaine (count 2), a violation of LSA-R.S. 40:967(C)(2); and possession of less than two grams of methamphetamine (count 3), a violation of LSA-R.S. 40:967(C)(1). The defendant pled not guilty and filed a motion to suppress evidence. The motion to suppress was denied. Following a jury trial, the defendant was found guilty as charged on all counts. On each of counts 1 and 3, the defendant was sentenced to two years imprisonment at hard labor. On count 2, he was sentenced to five years imprisonment at hard labor. The State filed a habitual offender bill of information charging the defendant as a multiple felony offender.[1] The defendant admitted to the charges in the bill, and the trial court adjudicated him a third-felony habitual offender. The trial court vacated the original sentence as to count 2 and resentenced the defendant as a third felony offender to five years imprisonment at hard labor on that count. All sentences were ordered to run concurrently. The defendant now appeals, designating one assignment of error. We affirm the convictions, habitual offender adjudication, and sentences.

**FACTS**

On March 10, 2018, Sergeant Justin Stokes, with the Slidell Police Department, initiated a traffic stop after twice observing the defendant's failure to use his turn signal. As Sergeant Stokes approached the vehicle to make contact with the defendant and his passenger, he detected an overwhelming odor of raw marijuana emanating from the vehicle. Sergeant Stokes requested the defendant's license, registration, and insurance, and ran a background check. After determining that the defendant owned the vehicle, Sergeant Stokes patted down the defendant and his passenger for contraband, and found none.

Sergeant Stokes proceeded to search the vehicle because of the smell of

---

[1] The defendant has prior convictions for distribution of cocaine and for conspiracy to distribute and to possess with the intent to distribute cocaine hydrochloride.

2

marijuana.[2] In the trunk, Sergeant Stokes pulled back the carpet on the driver's side wall and located a void or cavity within the framework of the vehicle. The cavity contained a canister with a lid, which Sergeant Stokes removed from the trunk. Sergeant Stokes removed the lid from the cannister and found three bags of marijuana, weighing about 16.3 grams; five small bags of cocaine, weighing about 3.5 grams; one plastic bag of less than a gram of methamphetamine; and five amphetamine pills.

The defendant did not make a statement or testify at trial.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant argues the trial court erred in denying his motion to suppress the evidence seized when Sergeant Stokes conducted a warrantless search of his vehicle without probable cause.

A trial court's ruling on a motion to suppress the evidence is entitled to great weight because the trial court had the opportunity to observe the witnesses and weigh the credibility of their testimony. **State v. Young**, 2006-0234 (La.App. 1 Cir. 9/15/06), 943 So.2d 1118, 1122, writ denied, 2006-2488 (La. 5/4/07), 956 So.2d 606. A trial court's legal findings, however, are subject to a *de novo* standard of review. See **State v. Hunt**, 2009-1589 (La. 12/1/09), 25 So.3d 746, 751. In determining whether the ruling on the defendant's motion to suppress was correct, we are not limited to the evidence adduced at the hearing on the motion. We may consider all pertinent evidence given at the trial of the case. **State v. Bell**, 2014-1046 (La.App. 1 Cir. 1/15/15), 169 So.3d 417, 421.

The Fourth Amendment to the United States Constitution and Article I, § 5, of the Louisiana Constitution protect people against unreasonable searches and seizures. Subject only to a few well-established exceptions, a search or seizure conducted without a warrant issued upon probable cause is constitutionally prohibited. Once a defendant makes an initial showing that a warrantless search or seizure occurred, the burden of proof shifts to the State to affirmatively show it was justified under one of the narrow exceptions to the rule requiring a search warrant. LSA-C.Cr.P. art. 703(D);

---

[2] At the motion to suppress hearing, Sergeant Stokes testified that the defendant refused to give the officer consent to search his vehicle.

3

**Bell**, 169 So.3d at 421.

If a vehicle is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits the police to search the vehicle. **Pennsylvania v. Labron**, 518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996) (*per curiam*). The "automobile" exception has no separate exigency requirement because the exigency is supplied by the inherent mobility of the vehicle and the citizen's lesser expectation of privacy. **Id.**; **Maryland v. Dyson**, 527 U.S. 465, 466-67, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442 (1999) (*per curiam*); **State v. Harris**, 2011-0779 (La.App. 1 Cir. 11/9/11), 79 So.3d 1037, 1041.

Probable cause means a fair probability that contraband will be found in a particular place. **Illinois v. Gates**, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. Whether probable cause existed at the time of the arrest must be determined without regard to the result of the subsequent search. **State v. Lumpkin**, 2001-1721 (La.App. 1 Cir. 3/28/02), 813 So.2d 640, 644, writ denied, 2002-1124 (La. 9/26/03), 854 So.2d 342. Courts have consistently held that the odor of marijuana provides an officer with probable cause to conduct warrantless searches of vehicles. See **State v. Cooks**, 2012-237 (La.App. 5 Cir. 1/30/13), 108 So.3d 1257, 1268-70, writ denied, 2013-0454 (La. 9/20/13), 123 So.3d 164; **State v. Lewis**, 2007-1183 (La.App. 3 Cir. 4/2/08), 980 So.2d 251 ; **State v. Waters**, 2000-0356 (La. 3/12/01), 780 So.2d 1053, 1058 (*per curiam*); **State v. Matthews**, 2015-1281 (La.App. 1 Cir. 2/26/16), 191 So.3d 1080, 1085 n.2; **State v. Garcia**, 519 So.2d 788, 794 (La.App. 1 Cir. 1987), writ denied sub nom., **State v. Rodriguez**, 530 So.2d 85 (La. 1988). See also **State v. Allen**, 2010-1016 (La. 5/7/10), 55 So.3d 756 (*per curiam*); **State v. Turner**, 2012-855 (La.App. 5 Cir. 5/16/13), 118 So.3d 1186, 1193.

Police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within it, may conduct a warrantless search of the vehicle as thoroughly as a magistrate could authorize. The scope of the warrantless search of an automobile is not defined by the

4

nature of the container in which the contraband is secreted, but rather, is defined by the object of the search and the places in which there is probable cause to believe it may be found. That is, if probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. See **United States v. Ross**, 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982). See also **California v. Acevedo**, 500 U.S. 565, 570, 111 S.Ct. 1982, 1986, 114 L.Ed.2d 619 (1991) (police do not need a warrant to search a closed container found within a lawfully stopped vehicle when the officers have probable cause for the search); **State v. Lacrosse**, 2019-599 (La.App. 5 Cir. 1/7/20), ___ So.3d ___, 2020 WL 88838 (the smell of fresh marijuana provided the officer with sufficient probable cause to conduct a warrantless search of the entire car, including the trunk and backpack in the trunk).

Based on the foregoing legal precepts, after detecting the strong odor of raw marijuana emanating from the defendant's vehicle, Sergeant Stokes had probable cause to search the entire vehicle, including any container inside the vehicle that could contain contraband. The defendant's singular concern herein appears to be one of credibility. According to the defendant, it was unreasonable for the trial court to believe an officer could smell marijuana which was "sealed in a bag in an air tight container stored in the well of a trunk under a rug from one to two car lengths away." The defendant concludes that the plain smell doctrine was not sufficient to establish probable cause because the ruling on the credibility of the officers was a clear abuse of discretion and the "bizarre facts and the incredible testimony of the officers should be disregarded."

At the motion to suppress hearing, Sergeant Stokes stated that he found three medium-sized bags of marijuana in the container. He further stated the bags were see-through and thinner than a freezer bag. At trial, Sergeant Stokes testified the bags of marijuana were tied with a knot at the top. There was no testimony that the bags were stored in an "air tight container." To the contrary, Sergeant Stokes testified at the motion to suppress hearing that it was a plastic canister with a top; at trial he testified that even with the lid on the container, there was a seam between the lid and the container, which he described as an opening for air to get through.

5

Sergeant Stokes indicated both at the motion to suppress hearing and at trial that as he approached the defendant's vehicle, and while standing by the driver's side door during his encounter with the defendant, he smelled a strong odor of raw or "fresh" marijuana from the vehicle. Sergeant Stokes indicated he had been with the Slidell Police Department since 2010, and that he has had training on, and been exposed in the field to, the smell of burnt and raw marijuana. He further indicated he had made hundreds of traffic stops involving marijuana or other narcotics.

Detective Bryant Estes, with the Slidell Police Department, also testified at the motion to suppress hearing that he detected the odor of marijuana emanating from the defendant's vehicle. On the night of the incident, Detective Estes was traveling within about a one-mile radius of Sergeant Stokes. After hearing of the defendant's traffic stop on the police radio, Detective Estes arrived at the scene in about two minutes. He testified that as he approached the defendant's vehicle, he smelled a strong odor of raw marijuana. On cross-examination at the motion to suppress hearing, the following exchange took place with Detective Estes:

> Q. ... Detective Estes ... You mentioned that when you got out of your car, you smelled the odor of marijuana?
> A. Correct.
> Q. Was that the raw, or unburnt, odor or the burnt odor of marijuana?
> A. Raw.
> Q. Raw? Can you explain to The Court, based on your training and experience, how you knew that it was the odor of raw, or unburnt, marijuana?
> A. I've been a police officer for 14 years and I've made over hundreds of narcotics arrests.
> In that time, I've dealt with marijuana, as far as joints and blunts that have been burned and baggies of raw material.
> And I mean, when you have that much experience, you can tell the difference.

The defendant's assertion notwithstanding, there is credible testimony that the officers were able to smell raw marijuana hidden in the trunk of a vehicle. See **State v. Cooks**, 108 So.3d at 1268-70 (affirming the denial of motion to suppress when officer smelled raw marijuana emanating from vehicle, and subsequent search located marijuana); **State v. Lewis**, 980 So.2d 251 (affirming the denial of motion to suppress when officer smelled strong odor of raw marijuana in vehicle, and subsequent search located marijuana in three large bags inside a duffle bag in the trunk).

6

In a suppression of evidence hearing, when a trial court makes findings of fact based on the weight of the testimony and the credibility of the witnesses, a reviewing court owes those findings great deference, and may not overturn those findings unless there is no evidence to support those findings. **Hunt**, 25 So.3d at 751. We find the evidence supported the trial court's credibility determinations and factual findings relied upon in making its ruling. To make contrary credibility determinations, therefore, would be impermissibly to substitute our judgment for that of the trial court. <u>See</u> **State v. Thompson**, 2011-0915 (La. 5/8/12), 93 So.3d 553, 567.

The search of the defendant's lawfully stopped vehicle was justified pursuant to the automobile exception to the warrant requirement, where the officer's detection of the odor of marijuana emanating from the vehicle gave rise to probable cause to search the vehicle. Accordingly, the trial court did not err or abuse its discretion in denying the motion to suppress.

The assignment of error is without merit.

**AFFIRMED.**