STATE OF LOUISIANA

VERSUS

KEITH BRUMFIELD

NO. 24-K-532

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

November 18, 2024

Linda Wiseman
First Deputy Clerk

IN RE KEITH BRUMFIELD

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD A. ROWAN, JR., DIVISION "L", NUMBER 23-5410

Panel composed of Judges Susan M. Chehardy,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT DENIED**

Defendant, Keith Brumfield, seeks review of the trial court's September 19, 2024 ruling denying his motion to suppress evidence. Defendant contends that an officer improperly conducted a warrantless stop of his vehicle based on an anonymous complaint. The complaint was from an unidentified female indicating that she was uncomfortable because a person in a white Mitsubishi sedan yelled at her from the car to ask for her phone number. Defendant contends that asking for a phone number is not criminal activity, and as a result the officer did not have probable cause to conduct the investigatory stop. The State contends in response that the harassing conduct complaint provided the officer with reasonable suspicion of a potential disturbing the peace violation to warrant the investigatory stop. For reasons discussed more fully below, we deny defendant's writ application.

24-K-532

At the hearing on the motion to suppress, Deputy Andrew Scott with the Jefferson Parish Sheriff's Office testified that he received a call to respond to a complaint of harassment at 4321 Hessmer Street in Metairie. He explained that an anonymous female complained that an individual in a white Mitsubishi sedan harassed her on the street. On cross-examination, Deputy Scott further explained that the anonymous woman indicated that she felt uncomfortable because the person in the vehicle yelled at her from the window to ask for her phone number.

Deputy Scott agreed that when he located the vehicle, he did not observe any traffic violations or illegal activity prior to conducting the investigatory stop of the vehicle. Deputy Scott testified that after the vehicle stopped, the driver opened the driver's side door. As the deputy approached the vehicle, he detected the odor of marijuana. He also saw a small bag of marijuana in plain view in the bottom compartment of the driver's side door. After conducting a search of the vehicle, the officer located a handgun under the driver's seat, additional marijuana in the back of the car, and a blister pack of tapentadol in the center console.

Following the deputy's testimony, defense counsel asked the trial court to suppress the evidence because *Terry v. Ohio*[1] requires reasonable suspicion of a crime being committed (or about to be committed) in order to conduct an investigatory stop. Defense counsel argued that an anonymous call from a female stating that she was uncomfortable because someone asked for her phone number is not a crime. She further argued that the officer admitted that he stopped the vehicle without observing any traffic violations or criminal activity. After the conclusion of oral argument, the trial court denied the motion to suppress finding that when the officer got the call about the suspicious person, he believed a crime had been committed.

---

[1] 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

In its opposition to the writ application, the State agrees that a man asking a woman for her phone number is not in and of itself illegal. However, the State contends that the complaint of harassing behavior was sufficient to satisfy the low threshold of reasonable suspicion that defendant may have committed a violation of La. R.S. 14:103(A)(2), disturbing the peace.[2] The State further recognizes that anonymous complaints are generally looked at with skepticism, but argues that this situation is distinguishable because the anonymous complaint comes from the person who was the subject of the alleged harassing conduct.

The trial court is vested with great discretion when ruling on a motion to suppress. *State v. McCarthy,* 21-153 (La. 4/20/21), 313 So.3d 1234, 1236. The trial court's findings of fact on a motion to suppress are reviewed under a clearly erroneous standard. *Id.*

Both the Fourth Amendment to the Constitution of the United States and Article I, § 5 of the Louisiana Constitution protect individuals from unreasonable searches and seizures. *State v. Roche*, 05-237 (La. App. 5 Cir. 4/25/06), 928 So.2d 761, 765, *writ denied*, 06-1566 (La. 1/8/07), 948 So.2d 120. Warrantless searches and seizures are unreasonable per se unless justified by one of the specific exceptions to the warrant requirement. *Id.* In a hearing on a motion to suppress evidence seized without a warrant, the State bears the burden of proving that an exception to the warrant requirement applies. *State v. Lane*, 09-179 (La. App. 5 Cir. 9/29/09), 24 So.3d 920, 923, *writ denied*, 09-2360 (La. 5/21/10), 36 So.3d 226 (citing La. C.Cr.P. art. 703(D)).

---

[2] La. R.S. 14:103(A)(2) provides:

> A. Disturbing the peace is the doing of any of the following in such manner as would foreseeably disturb or alarm the public:
>
> . . .
>
> (2) Addressing any offensive, derisive, or annoying words to any other person who is lawfully in any street, or other public place; or call him by any offensive or derisive name, or make any noise or exclamation in his presence and hearing with the intent to deride, offend, or annoy him, or to prevent him from pursuing his lawful business, occupation, or duty.

In *Terry v. Ohio, supra*, the United States Supreme Court recognized the investigatory stop as an exception to the warrant requirement. *State in Interest of T.L.*, 17-579 (La. App. 5 Cir. 2/21/18), 240 So.3d 310, 323. In Louisiana, a law enforcement officer may stop and question a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit a criminal offense. *Id*.; La. C.Cr.P. art. 215.1(A). Reasonable suspicion to stop is something less than the probable cause required for an arrest, and the reviewing court must look to the facts of each case to determine whether a detaining officer had knowledge of sufficient facts and circumstances to justify an infringement of the suspect's rights. *State v. Bell*, 14-1046 (La. App. 1 Cir. 1/15/15), 169 So.3d 417, 422. The determination of reasonable grounds for an investigatory stop does not rest on the officer's subjective beliefs or attitudes, but is dependent on an objective evaluation of all the circumstances known to the officer at the time of his challenged action. *Lane*, 24 So.3d at 924. In determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or hunch, but to the specific reasonable inferences that he is entitled to draw from the facts in light of his experience. *State v. Interest of T.L.*, 240 So.3d at 323.

An anonymous tip may provide reasonable suspicion for an investigatory stop if it accurately predicts future conduct in sufficient detail to support a reasonable belief that the informant had reliable information regarding the suspect's illegal activity. *State v. Smith*, 00-1838 (La. 5/25/01), 785 So.2d 815, 816, *citing Alabama v. White*, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). Predictive ability is not always necessary; a non-predictive anonymous tip, coupled with police corroboration or independent police observation of unusual suspicious activity, can provide the police with the requisite reasonable suspicion to detain a suspect. *State v. Triche*, 03-149 (La. App. 5 Cir. 5/28/03), 848 So.2d

4

80, 85, *writ denied*, 03-1979 (La. 1/16/04), 864 So.2d 625. "[I]f a tip has a relatively low degree of reliability, more information will be required to establish the requisite quantum of suspicion than would be required if the tip were more reliable." *Alabama v. White*, 496 U.S. at 330, 110 S.Ct. at 2416. Whether an anonymous tip establishes reasonable suspicion to conduct an investigatory stop is considered under the totality of the circumstances. *State in Interest of T.L.*, 240 So.3d at 324. The sufficiency of an anonymous tip under *Terry* is determined by the reliability of its assertion of illegality and not just its tendency to identify a determinate person. *Id.*

In *Navarette v. California*, 572 U.S. 393, 134 S.Ct. 1683, 1692, 188 L.Ed.2d 680 (2014), the United States Supreme Court ruled that an anonymous tip provided officers with reasonable suspicion to stop the defendant. Officers received information from an anonymous 911 caller that she had been run off the road by a truck. The caller provided identifying information about the truck, and after conducting an investigatory stop, officers detected the smell of marijuana. A search of the truck bed revealed 30 pounds of marijuana. The trial court denied the defendant's motion to suppress, and the appellate court affirmed

On appeal, the Supreme Court addressed whether officers lacked reasonable suspicion of criminal activity to justify the stop based solely on information supplied by the caller. *Id.* at 1688-89. In upholding the trial court's ruling, the Court reasoned that the anonymous call was sufficiently reliable because the caller identified the truck and claimed eyewitness knowledge of an offense. *Id.* at 1689. The Court also found that the proximity in time between the call and when officers located the truck "negate[d] the likelihood of deliberate or conscious misrepresentation" and supported the reliability of the information because it suggested that the incident was reported soon after it occurred. *Id.* Although the Court found the *Navarette* case to be a close call, it concluded that the tip created

5

reasonable suspicion of an ongoing crime, rather than an isolated episode of past recklessness, and that the relevant circumstances, taken together, justified the officer's reliance on the reported information. *Id.* at 1690-92.

After considering the totality of the circumstances presented at the hearing on the motion to suppress in the instant matter, we find no abuse of discretion in the trial court's denial of the motion to suppress. Just as in *Navarette*, *supra*, the anonymous caller provided identifying information of the vehicle, as well as an eyewitness account of harassing conduct that she claimed made her feel uncomfortable. Shortly after receiving the complaint, the officer located a vehicle fitting the description provided by the caller. In addition, the report of a complaint of harassing conduct that made the female feel uncomfortable, together with rational inferences drawn therefrom, support a reasonable suspicion of criminal activity, *i.e.,* disturbing the peace. *See Bell*, 169 So.3d at 422-23 (finding that officer's stop did not violate the Fourth Amendment; officer's knowledge that defendant caused a disturbance at a restaurant and refused to leave the premises for a period of time supported reasonable suspicion that violations of criminal trespass and disturbing the peace may have occurred).[3] If the defendant had simply requested the female's phone number, it is unlikely that she would have made the complaint.

Accordingly, this writ application is denied.

Gretna, Louisiana, this 18th day of November, 2024.

SUS
SMC
TSM

---

[3] The *Bell* court further recognized that whether the officer "had these particular statutes, or any others, in mind when he stopped the defendant is of no moment. The fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." *Id.* at 423. In addition, public safety requires some flexibility for officers to investigate and prevent crime. *State v. Cyprian*, 21-287 (La. App. 1 Cir. 12/22/21), 340 So.3d 271, 282.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **11/18/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**24-K-532**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Donald A. Rowan, Jr. (DISTRICT JUDGE)
Mark D. Plaisance (Relator)          Thomas J. Butler (Respondent)
                                      Darren A. Allemand (Respondent)

### MAILED
Remy V. Starns (Relator)            Mariah Jackson (Relator)          Marcus J. Plaisance (Relator)
Attorney at Law                     Attorney at Law                   Attorney at Law
301 Main Street                     848 Second Street                 Post Office Box 1123
Suite 700                           3rd Floor                         Prairieville, LA 70769
Baton Rouge, LA 70825               Gretna, LA 70053

Honorable Paul D. Connick, Jr.
(Respondent)
District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053