PER CURIAM.[1]
| lAfter review, we find the trial court erred in granting the motions to suppress the evidence and the statements on the basis of Arizona v. Gant, — U.S. -, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), which we find to be distinguishable. The facts of this case indicate there was no search incident to arrest as in Gant; rather, after arresting defendant for a traffic violation, one officer entered defendant’s vehicle for the purpose of securing it by rolling up the windows and turning off the engine. In the process of performing this “caretaking” function,[2] the officer observed, in plain view, an unzipped backpack behind the passenger seat containing three plastic bags of marijuana. Because (1) there was prior justification for the police intrusion into the vehicle for purposes of turning off the engine and rolling up the windows, and (2) it was immediately apparent to the officer without close inspection that the backpack contained contraband, the “plain view” exception to the warrant requirement applies, and the seizure of the contraband was permissible. See Horton v. California, 496 U.S. 128, 135-136, 110 S.Ct. 2301, 2307, 110 L.Ed.2d 112 (1990); State v. Leger, 205-0011, p. 65 (La.7/10/06), 936 So.2d 108, 155, cert. denied, 549 U.S. 1221, 127 S.Ct. 1279, 167 L.Ed.2d 100 (2007).
In any event, the testimony establishes that upon their initial approach, the officers detected a “strong odor” of marijuana emanating from the rolled-down windows of the vehicle, which, viewed objectively, provided the officers with probable cause to search the passenger compartment pursuant to the automobile exception to the warrant requirement. See State v. Allen, 10-1016, p. 1 (La.5/7/10), 55 So.3d 756; State v. Waters, 00-0356, p. 7 (La.3/12/01), 780 So.2d 1053, 1058.
Finally, because the seizure was proper and probable cause existed for defendant’s arrest, the statements made by defendant, after being advised of his Miranda rights, are admissible.
The rulings suppressing the evidence and the statements are reversed, and defendant’s motions to suppress are denied. This matter is remanded to the trial court for further proceedings.
WRIT GRANTED; REVERSED AND REMANDED; STAY DENIED AS MOOT.
JOHNSON, J., and KNOLL, J., would deny.

. Kimball, C.J., not participating in the decision.

. In Cady v. Dombrowski, 413 U.S. 433, 441, 93 S.Ct. 2523, 2528, 37 L.Ed.2d 706 (1973), the Supreme Court recognized that police officers, particularly in dealing with vehicular traffic, do have safety and welfare duties apart from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute.