*1014
 
 PER CURIAM.
 

 1 granted. The rulings of the courts below are reversed, the defendant’s motion to suppress evidence and statements is hereby denied, and the case is remanded to the trial court for further proceedings consistent with the views expressed herein.
 

 Without regard to more restrictive state or local rules regarding when the police may or may not make a full custodial arrest of a person, “[w]hen officers have probable cause to believe that a person has committed a crime in their presence, the Fourth Amendment permits them to make an arrest, and to search the suspect in order to safeguard evidence and ensure their own safety.”
 
 Virginia v. Moore,
 
 553 U.S. 164, 178, 128 S.Ct. 1598, 1608, 170 L.Ed.2d 559 (2008). When the police officer observed defendant walking in the middle of the right hand lane of a major thoroughfare in New Orleans in the late afternoon, forcing traffic to move into the left lane, he had probable cause to believe defendant was in violation of not only traffic regulations l2imposed by the New Orleans Municipal Code,
 
 see
 
 MSC § 154-1607 (unlawful to walk along an adjacent roadway where a sidewalk is provided), but also the state Highway Regulatory Act,
 
 see
 
 La. R.S. 32:216(A)(same), and, arguably, the Criminal Code.
 
 See
 
 R.S. 14:100.1 (“No person shall willfully obstruct the free, convenient and normal use of any public ... street ... by impeding, hindering, stifling, retarding or restraining traffic or passage thereon or therein.”).
 

 The officer therefore lawfully stopped defendant for commission of a misdemeanor offense in his presence, and we need not decide here whether the initial stop alone could be fairly characterized as an arrest for Fourth Amendment purposes because it was based on probable cause, entitling the officer to conduct an immediate search of defendant as an incident thereto,
 
 see United States v. Pratt,
 
 355 F.3d 1119 (8th Cir.2004);
 
 State v. Sherman,
 
 05-0779 (La.4/4/06), 931 So.2d 286, although the officer ultimately opted to issue him a citation for violating the local ordinance only.
 
 See Knowles v. Iowa,
 
 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998) (search-incident-to-arrest exception to Fourth Amendment warrant requirement does not extend to searches incident to citation only). While “the authority to conduct a full field search as incident to an
 
 *1015
 
 arrest [is] a ‘bright-line rule,’ which [is] based on concern for officer safety and destruction or loss of evidence, but which [does] not depend in every case upon the existence of either concern,”
 
 Knowles,
 
 525 U.S. at 118, 119 S.Ct. at 488, a police officer issuing a citation on probable cause has no less authority than he would have if he were conducting an investigatory stop based on the lesser standard of reasonable suspicion. Although defendant partially complied with the officer’s directive to place his hands on the police |3unit, when he continued to reach toward his pocket with his left hand, the furtive gesture provided the officer with an objective and particularized basis for conducting a self-protective patdown frisk of his outer clothing authorized by
 
 Terry v. Ohio,
 
 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and progeny.
 
 State v. Boyer,
 
 07-0476, p. 20 (La.10/16/07), 967 So.2d 458, 471 (“The relevant question is not whether the police officer subjectively believes he is in danger, or whether he articulates that subjective belief in his testimony at a suppression hearing.... [but whether] the officer had a reasonable, objective and particularized basis for conducting a patdown frisk of defendant.”) (citation omitted);
 
 cf. State v. Adams,
 
 01-3231, p. 12 (La.1/14/03), 836 So.2d 9, 12 (defendant’s furtive gesture in reaching behind her back to her waistband provided an objectively reasonable basis for a self-protective frisk for weapons).
 

 The frisk of defendant revealed a suspicious bulge in his pocket and prompted the officer to ask defendant what he had in his possession. The officer need not have first advised defendant of his rights under
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because he had not yet placed defendant under formal arrest, nor subjected him to the degree of restraint associated with a formal arrest.
 
 Stansbury v. California,
 
 511 U.S. 318, 322, 114 S.Ct. 1526, 1528-29, 128 L.Ed.2d 293 (1994) (“In determining whether an individual was in custody [for
 
 Miranda
 
 purposes], a court must examine all of the circumstances surrounding the interrogation, but ‘the ultimate inquiry is simply whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.’ ”) (quoting
 
 California v. Beheler,
 
 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983))(some internal quotation marks omitted);
 
 cf. Hoffa v. United States,
 
 385 U.S. 293, 310, 87 S.Ct. 408, 417, 17 L.Ed.2d 374 (1966)(“Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause[.]”). Defendant’s admission that he had marijuana in his pocket provided probable cause to arrest him for violation of the state’s controlled substances law, La.R.S. 40:966(E), and the officer’s subsequent retrieval of the contraband from defendant’s pocket to prevent the loss or destruction of the evidence was an incident of a lawful and formal arrest that then occurred after the officer field tested the substance to confirm it was marijuana.
 
 Rawlings v. Kentucky,
 
 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633 (1980)(“Where the formal arrest followed quickly on the heels of the challenged search of petitioner’s person, we do not believe it particularly important that the search preceded the arrest rather than vice versa.”) (citation omitted).
 

 REVERSED AND REMANDED
 

 JOHNSON, J., dissents.