EDWIN A. LOMBARD, Judge.
|! After review of the relator’s writ application in light of the applicable law, we do not find that the trial court abused its discretion in denying the relator’s motion to suppress the evidence and statements.
“[P]urely as an objective matter, the officers ultimately did nothing more than what the law entitled them to do by detaining defendant after observing him commit a misdemeanor offence in their presence and searching him for weapons and evidence, without regard to whether they had an articulable and particularized concern for their safety, and then arresting him, albeit not for the offense for which they initially had probable cause.” State v. Butler, 12-2359, p. 5 (La.5/17/13), 117 So.3d 87, 90 (finding search constitutional even if police had no actual subjective intent to arrest the defendant for riding his bicycle on the sidewalk, reversing State v. Butler, 11-0985 (La.App. 4 Cir. 10/3/12), 101 So.3d 121, (pat-down of defendant being detained on an investigatory stop required some articulation of facts to justify the frisk and that the determination of whether probable cause existed at the time of the search was an objective determination)); see also State v. Green, 11-2425 (La.2/10/12), 79 So.3d 1013 (2012) (officer’s lawful stop of defendant for | commission of a misdemeanor municipal code violation offense was based on probable cause, “entitling the officer to conduct an immediate search of defendant,” reversing State v. Green, 11-1317 (La.App. 4 Cir. 10/13/11) (barring sworn exceptional circumstances, a police officer does not have the authority to automatically arrest a person for municipal code violation)). Thus, under current Louisiana jurisprudence, the *918 police had probable cause to arrest the defendant for a municipal code violation prohibiting those over the age of 15 from riding a bicycle on a sidewalk and, therefore, the trial court did not abuse its discretion in denying the defendant’s motion to suppress the cell phone and gun recovered from his pants pocket after being stopped upon suspicion of two municipal code violations.
Similarly, although it is undisputed that the defendant was not advised of his Miranda rights in conjunction with the stop and search in this case or prior to being asked his name, age, and address, the police officer’s field interview (recorded by his body-camera) asked for no more information than an individual might supply in response to booking questions as a routine incident of arrest and, therefore, did not amount to interrogation for Mir randa purposes. State v. Smith, 00-1838, p. 4 (La.5/25/01), 785 So.2d 815, 818 (citing Rhode Island v. Innis, 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980)). Thus, even if the defendant’s age (over 15) constitutes an element of the municipal code violation, the trial court did not abuse its discretion in denying the relator’s motion to suppress the statements recorded by the police body-camera.
New Orleans, Louisiana this-day of-,-
/s/ JUDGE EDWIN A. LOMBARD
/s/ JUDGE TERRI F. LOVE
/s/ JUDGE DANIEL L. DYSART
WRIT DENIED
LOVE, J., concurs in result with reasons.