PER CURIAM
The police officer lawfully stopped the defendant's vehicle and detained the defendant after observing several traffic violations. Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 ("[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."). The officer had sufficient probable cause to arrest the defendant upon seeing him commit the violations. La. C.Cr.P. art. 213(A)(1). Further, during the traffic detention, the officer properly removed the defendant from the area of the vehicle upon learning there was an outstanding warrant for the defendant's arrest and witnessing the defendant engage in furtive movements near the driver's door and seat.
The subsequent warrantless search and seizure of the weapon from under the defendant's driver's seat by police was not unreasonable when there was an immediate and constitutionally reasonable concern for the safety of the officers and the general public. Arizona v. Gant, 556 U.S. 332, 347, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009) (" [N.Y. v. ] Belton, [453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) ] does not authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle ... [However,] officers may search a vehicle when genuine safety or evidentiary concerns encountered during the arrest of a vehicle's recent occupant justify a search."). The defendant's vehicle obstructed traffic as it was parked near a fuel pump at a gas station located at a busy intersection. There was the risk of the officers and general public being injured by the loaded semi-automatic handgun as the officer stepped into the vehicle to turn on the ignition to move the vehicle. There was also the risk of persons gaining access to the vehicle and finding the weapon. Further, the scope of the warrantless search did not exceed what was necessitated by the exigency. The officer conducted a protective sweep of only the immediate area where the defendant was observed gesturing near the driver's seat and door.
*319 Accordingly, we find the trial court abused its discretion by granting the defendant's motion to suppress the physical evidence seized during the search of defendant's vehicle. We grant the state's writ application and reverse as to the trial court's suppression of the physical evidence. The case is remanded to the trial court for further proceedings.
Hughes, J., concurs.
GENOVESE, J., would deny.