STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 KA 0473

STATE OF LOUISIANA

VERSUS

TONY L. ANDERSON

Judgment Rendered: **FEB 1 9 2021**

* * * * *

On Appeal from the
19th Judicial District Court
State of Louisiana, Parish of East Baton Rouge
Trial Court No. 05-16-0683

The Honorable Ronald R. Johnson, Judge Presiding

* * * * *

<table>
<tr><td>Hillar C. Moore, III<br>District Attorney<br>Dylan C. Alge<br>Assistant District Attorney<br>Baton Rouge, Louisiana</td><td>Attorneys for State of Louisiana</td></tr>
<tr><td>Jane L. Beebe<br>Addis, Louisiana</td><td>Attorney for Defendant-Appellant,<br>Tony L. Anderson</td></tr>
</table>

* * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**WOLFE, J.**

Defendant, Tony Anderson, was charged by bill of information with five offenses: (Count 1) possession with intent to distribute marijuana, a violation of La. R.S. 40:966; (Count 2) possession with intent to distribute MDMA, a violation of La. R.S. 40:966; (Count 3) possession with intent to distribute heroin, a violation of La. R.S. 40:966; (Count 4) possession of a firearm while in possession of cocaine, a violation of La. R.S. 14:95(E); and (Count 5) possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. Defendant pled not guilty.

Defendant filed a motion to suppress, which the trial court denied following a hearing. Later, Count 1 was dropped and Count 4 was amended to possession of cocaine, a violation of La. R.S. 40:967. Defendant then withdrew his plea of not guilty and pled guilty to the remaining amended charges, reserving his right to appeal the denial of the suppression motion pursuant to **State v. Crosby**, 338 So.2d 584 (La. 1976). The trial court imposed a sentence of two years imprisonment at hard labor for Counts 2, 3, and 4, and a sentence of eight years imprisonment at hard labor for Count 5, all to be served concurrently. Defendant now appeals. For the following reasons, we affirm the convictions and sentences.

## STATEMENT OF FACTS

On April 8, 2016, Corporal James Thomas, Jr. of the Baton Rouge Police Department was working "extra duty" with his partner. The pair went to a nearby Chevron gas station to get a drink. Upon arriving, they saw "a group of subjects" standing in front of the gas station. The group dispersed when the uniformed police officers exited their unmarked vehicle. The officers observed defendant walk away at a fast pace toward a parked vehicle, "like he wasn't trying to be seen[.]" The vehicle was parked at a gas pump. Cpl. Thomas stated that he and his partner both noted that the group's dispersal and defendant's pace, together with his trying not to make eye contact, appeared to them to be

2

"something suspicious." Cpl. Thomas testified that the gas station was known to be the location of drug activity.

Cpl. Thomas approached defendant, who was by then sitting in the passenger seat of the vehicle. Cpl. Thomas smelled the odor of marijuana through the open passenger side window, and he ordered defendant to exit the car and place his hands on the hood. The visibly shaking defendant kept attempting to grab the back of his pants, despite being told not to do so by Cpl. Thomas. As a result, Cpl. Thomas grabbed defendant's hands and put them behind his back while defendant attempted to pull away. Cpl. Thomas then called his partner for assistance, and both officers were able to place defendant in handcuffs. Cpl. Thomas advised defendant of his rights, and defendant informed the officers he had a gun in his back pocket, and that he had been reaching for it. A subsequent search of defendant's pockets revealed narcotics and a firearm. During cross-examination, Cpl. Thomas testified that when they went to the gas station, they were not responding to any calls nor were they looking for any specific suspects or vehicles matching a description.

## ASSIGNMENT OF ERROR: MOTION TO SUPPRESS

In his sole assignment of error, defendant contends the trial court erred in denying the motion to suppress because he was detained and arrested without either reasonable suspicion or probable cause. Defendant argues that the police did not identify or articulate any legitimate or specific reason, such as a complaint or criminal investigation, for why they approached defendant while he was seated in his legally parked vehicle. Defendant further claims that neither his apparent unwillingness to engage with the police nor the odor of suspected marijuana justified defendant's detention and subsequent search.

The State asserts Cpl. Thomas presented both reasonable suspicion and probable cause to support defendant's detention and subsequent arrest. The State reasons that Cpl. Thomas had the right to approach defendant, and once Cpl. Thomas smelled marijuana, he gained the right to arrest defendant and search defendant and the vehicle. However, in the

3

State's view, Cpl. Thomas did not detain defendant until he was ordered from the vehicle and later handcuffed.

In its oral reasons, the trial court observed that the officers had the right to approach defendant and speak with him, even absent reasonable suspicion that a crime had occurred. Additionally, the court observed that under **Terry v. Ohio**, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the police have the authority to detain an individual with a lessened burden of reasonable suspicion that would not justify an arrest. The Fourth Amendment to the United States Constitution guarantees, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" See also La. Const. art. I, § 5. A warrantless search is unreasonable unless the search can be justified by one of the narrowly drawn exceptions to the warrant requirement. **State v. Cox**, 2018-0769 (La. App. 1st Cir. 2/22/19), 272 So.3d 597, 602, writ denied, 2019-00604 (La. 9/17/19), 278 So.3d 973, cert. denied, ___ U.S. ___, 140 S.Ct. 1279, 206 L.Ed.2d 262 (2020). When evidence is seized without a warrant, the state shall have the burden of proving the admissibility of the evidence. La. Code Crim. P. art. 703(D).

As an initial matter, law enforcement officers enjoy the same liberty possessed by every citizen to address questions to other persons. **United States v. Mendenhall**, 446 U.S. 544, 553, 100 S.Ct. 1870, 1876, 64 L.Ed.2d 497 (1980). Police officers do not need probable cause or reasonable suspicion each time they attempt to converse with a citizen. **State v. Neyrey**, 383 So.2d 1222, 1224 (La. 1979); **State v. Harris**, 2011-0779 (La. App. 1st Cir. 11/9/11), 79 So.3d 1037, 1041; see also, **Florida v. Royer**, 460 U.S. 491, 497, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983) ("Law enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions."); and, **State v. Spears**, 2014-0289 (La. App. 1st Cir. 9/19/14), 2014 WL 4668761, at *2, writ denied, 2014-2172 (La. 5/22/15), 170 So.3d 983

4

("[M]ere communications between officers and citizens implicate no Fourth Amendment concerns where there is no coercion or detention.").

Moreover, pursuant to the investigatory stop recognized by the United States Supreme Court in **Terry v. Ohio**, supra, a police officer may briefly seize a person if the officer has an objectively reasonable suspicion, supported by specific and articulable facts that the person is, or is about to be, engaged in criminal conduct or is wanted for past criminal acts. Similarly, La. Code Crim. P. art. 215.1(A) provides that an officer's reasonable suspicion of crime allows a limited investigation of a person. Reasonable suspicion to stop is something less than the probable cause required for an arrest, and a reviewing court must look to the facts and circumstances of each case to determine whether a detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. **State v. Robertson**, 97-2960 (La. 10/20/98), 721 So.2d 1268, 1269; **State v. Kelly**, 2015-0570 (La. App. 1st Cir. 11/9/15), 2015 WL 6951553, at *3.

The totality of the circumstances must be considered in determining whether reasonable suspicion exists. **State v. Leboeuf**, 2016-0810 (La. App. 1st Cir. 10/28/16), 2016 WL 6330439, at *3, writ denied, 2016-2126 (La. 9/15/17), 225 So.3d 477. The detaining officer must have knowledge of specific, articulable facts which, taken together with rational inferences from those facts, reasonably warrant the stop. **State v. Flowers**, 441 So.2d 707, 714 (La. 1983), cert. denied, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984); **State v. Matthews**, 2015-1281 (La. App. 1st Cir. 2/26/16), 191 So.3d 1080, 1083-84, writ not considered, 2016-1182 (La. 11/15/16), 209 So.3d 787. The officer's past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable, and deference should be given to the experience of the officers present at the time of the incident. **State v. Bell**, 2014-1046 (La. App. 1st Cir. 1/15/15), 169 So.3d 417, 422.

Further, the detection of the odor of marijuana by experienced law enforcement officers has long been recognized as probable cause to justify a search. See **State v.**

5

**Gordon**, 93-1923 (La. App. 1st Cir. 11/10/94), 646 So.2d 1005, 1010 ("Detecting marijuana by means of smell does not constitute a search, and there is no reasonable expectation of privacy from lawfully positioned officers with inquisitive nostrils."); **State v. Traylor**, 31,378 (La. App. 2d Cir. 12/9/98), 723 So.2d 497, 499 (Odor of marijuana emanating from vehicle in which defendant was passenger allowed officers to reasonably suspect defendant was smoking, thus possessing, marijuana.); cf. **State v. Arnold**, 2011-0626 (La. 4/27/11), 60 So.3d 599, 600 (*per curiam*) ("[S]trong odor" of marijuana emanating from vehicle provided probable cause to search passenger compartment of vehicle.).

Additionally, an officer may conduct a pat down of the driver and any passengers, if he has a reasonable suspicion that the person is armed and dangerous. **Arizona v. Johnson**, 555 U.S. 323, 327, 129 S.Ct. 781, 784, 172 L.Ed.2d 694 (2009); **State v. Green**, 2011-2425 (La. 2/10/12), 79 So.3d 1013, 1014-15 (*per curiam*) (While a pedestrian stopped following a misdemeanor traffic offense partially complied with officer's directive to place his hands on the police unit, the pedestrian continued to reach toward his pocket with his left hand, which was a furtive gesture and justified a lawful pat down search for weapons.); see also, **State v. Brown**, 2013-1023 (La. App. 1st Cir. 2/18/14), 2014 WL 651854, at *2 (After smelling odor of marijuana, and defendant "appeared agitated, avoided eye contact, and moved around much more than the driver[,]" and given the nature of the area and time of day, a protective pat down for weapons was justified.).

Finally, trial courts are vested with great discretion when ruling on a motion to suppress. **State v. Long**, 2003-2592 (La. 9/9/04), 884 So.2d 1176, 1179, cert. denied, 544 U.S. 977, 125 S.Ct. 1860, 161 L.Ed.2d 728 (2005). When a trial court denies a motion to suppress, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court's discretion, *i.e.*, unless such ruling is not supported by the evidence. **State v. Conklin**, 2018-0718 (La. App. 1st Cir. 2/28/19), 274 So.3d 675, 680, writ denied, 2019-00665 (La. 10/8/19), 280 So.3d 591. However, a trial court's legal

6

findings are subject to a *de novo* standard of review. See **State v. Hunt**, 2009-1589 (La. 12/1/09), 25 So.3d 746, 751.

Cpl. Thomas was not required to have any suspicion of offense to justify approaching a subject to speak with him. Further, there is nothing in the record that suggests defendant was submitting to apparent police authority when he was approached while seated in the vehicle. See **State v. Hamilton**, 2009-2205 (La. 5/11/10), 36 So.3d 209, 213 (Relevant inquiry of a seizure is whether and at what point a defendant is seized for constitutional purposes.). While Cpl. Thomas and his partner were in uniform, they were driving an unmarked vehicle and there was no testimony that the officers instructed defendant that they wanted to speak with him or that he could not leave. See **State v. Simpson**, 2011-0370 (La. App. 4th Cir. 10/26/11), 77 So.3d 445, 448, writ denied, 2011-2568 (La. 12/14/11), 76 So.3d 1185, citing **State v. Marzett**, 2009-1080 (La. App. 4th Cir. 6/9/10), 40 So.2d 1204, 1210 (A person is "seized" for purposes of the state constitution, when he is either actually stopped or when an actual stop is imminent.); see also **State v. Martin**, 2011-0082 (La. 10/25/11), 79 So.3d 951, 957 ("[D]etermination of whether a seizure has occurred is a fact-intensive analysis in which a reviewing court must consider the totality of the circumstances.").

Once Cpl. Thomas drew near to defendant, he smelled an odor of marijuana emanating from the vehicle. Consequently, Cpl. Thomas gained probable cause to detain and search both the vehicle and its occupants on suspicion that the crime of possession of marijuana was occurring before him. It was not until then that defendant was stopped and no longer free to leave. Defendant was ordered from the vehicle, and because defendant kept reaching for his back pocket, despite police instructions not to do so, he was handcuffed to ensure the safety of all parties. Upon telling officers he had a gun in his back pocket, the officers obtained additional probable cause to search his pants for a weapon, again within the long-standing justification of officer safety. Given the testimony at the motion to suppress hearing, nothing in defendant's appeal suggests the trial court abused

its considerable discretion when it denied the motion to suppress. The assignment of error is without merit.

## PATENT ERROR

In conducting a review of the record as required by La. Code Crim. P. art. 920(2), we note the existence of a patent error. The penalty provision for possession of a firearm by a convicted felon includes a mandatory fine of at least one thousand dollars. La. R.S. 14:95.1(B). The record reflects the trial court failed to impose a fine. Under the general provisions of La. Code Crim. P. art. 882(A), an illegal sentence "may" be corrected at any time by an appellate court on review. Because the trial court's failure to impose the fine was not raised by the State in either the trial court or on appeal, and defendant is not prejudiced by the trial court's failure to impose the mandatory fine, we decline to amend the sentence imposed by the trial court. See **State v. Price**, 2005-2514 (La. App. 1st Cir. 12/28/06), 952 So.2d 112, 123-25 (*en banc*), writ denied, 2007-0130 (La. 2/22/08), 976 So.2d 1277.

## CONVICTIONS AND SENTENCES AFFIRMED.