# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2020 KA 1253

*PMc by JEW*
*JEW*
*MRT by JEW*

### STATE OF LOUISIANA

### VERSUS

### JESSIE JAMES BAKER

Judgment Rendered:    NOV 0 1 2021

* * * * * *

On Appeal from the Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Docket No. 1500445

Honorable Brenda B. Ricks, Judge Presiding

* * * * * *

Scott M. Perrilloux
District Attorney
Zachary Daniels
Assistant District Attorney
Amite, Louisiana

Counsel for Appellee
State of Louisiana


Cynthia Meyer
New Orleans, Louisiana

Counsel for Defendant/Appellant
Jessie James Baker


* * * * * *

BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.

**McCLENDON, J.**

The defendant, Jessie James Baker, was charged by bill of information with illegal carrying of weapons, a violation of LSA-R.S. 14:95(E) (count 1, prior to the 2016 amendment); and possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1 (count 2). He pled not guilty. The defendant filed a motion to suppress the evidence and, following a hearing on the matter, the motion was denied. Following a jury trial, the defendant was found guilty as charged on both counts. On count 1, the defendant was sentenced to ten years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. On count 2, he was sentenced to twenty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The sentences were ordered to run concurrently. The defendant now appeals, designating two assignments of error. We affirm the convictions and sentences.

## FACTS

On January 16, 2015, Officer Henry Dejean, with the Hammond Police Department, was part of a street crimes unit surveilling the Blue Store on Range Road in Hammond. Officer Dejean was in uniform and in a marked police unit. Using binoculars because he was about a block away, Officer Dejean observed a man standing outside of the Blue Store. The defendant pulled into the parking lot in a black Dodge Charger. The man outside handed the defendant money, and the defendant gave the man a cellophane bag.

Having witnessed what he believed to be a hand-to-hand drug transaction, Officer Dejean followed the defendant, who had driven out of the parking lot, and initiated an investigatory stop. With the defendant still in his vehicle, the engine off, and the driver-side window rolled down, Officer Dejean informed the defendant of what he had just witnessed. The officer, who also smelled marijuana emanating from the vehicle, asked the defendant if he had a weapon or narcotics. The defendant replied "no." Officer Dejean told the defendant he was going to have a K-9 unit brought out to sniff his vehicle. When Officer Dejean asked the defendant to step out of the vehicle, the defendant started the engine and attempted to put the vehicle into drive. Officer

2

Dejean reached into the vehicle to stop the defendant, and a struggle ensued. Officer Dejean called for backup. The defendant reached for the center console. Officer Dejean prevented the defendant from opening the console lid completely, but it was opened partially. Officer Dejean saw a handgun in the console. Backup arrived, and the defendant was taken out of his vehicle and handcuffed. The officers found a bag of marijuana on the defendant's person. The handgun, a .9mm Gimenez with a fully loaded magazine and a live round in the chamber, was seized from the vehicle.

The K-9 unit arrived and the K-9 dog alerted on the defendant's vehicle. The vehicle was searched, and suspected marijuana shavings were found on the floorboard.

The defendant testified at trial. He indicated that the man outside of his vehicle was his brother and that he had given his brother some quarters to buy cigarettes. The defendant had convictions for attempted aggravated rape and armed robbery.

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, the defendant argues the trial court erred in denying his motion to suppress the evidence. Specifically, the defendant contends there was no exception to the warrant requirement that permitted Officer Dejean to seize the gun and marijuana.

A trial court's ruling on a motion to suppress the evidence is entitled to great weight because the trial court had the opportunity to observe the witnesses and weigh the credibility of their testimony. **State v. Young**, 2006-0234 (La.App. 1 Cir. 9/15/06), 943 So.2d 1118, 1122, writ denied, 2006-2488 (La. 5/4/07), 956 So.2d 606. A trial court's legal findings, however, are subject to a de novo standard of review. See **State v. Hunt**, 2009-1589 (La. 12/1/09), 25 So.3d 746, 751. In determining whether the ruling on the defendant's motion to suppress was correct, we are not limited to the evidence adduced at the hearing on the motion. We may consider all pertinent evidence given at the trial of the case. **State v. Bell**, 2014-1046 (La.App. 1 Cir. 1/15/15), 169 So.3d 417, 421.

The Fourth Amendment to the United States Constitution and Article I, § 5, of the Louisiana Constitution protect people against unreasonable searches and seizures. Subject only to a few well-established exceptions, a search or seizure conducted

3

without a warrant issued upon probable cause is constitutionally prohibited. Once a defendant makes an initial showing that a warrantless search or seizure occurred, the burden of proof shifts to the State to affirmatively show it was justified under one of the narrow exceptions to the rule requiring a search warrant. LSA-C.Cr.P. art. 703(D); **Bell**, 169 So.3d at 421.

If a vehicle is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits the police to search the vehicle. **Pennsylvania v. Labron**, 518 U.S. 938, 940, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031 (1996) (per curiam). The "automobile" exception has no separate exigency requirement because the exigency is supplied by the inherent mobility of the vehicle and the citizen's lesser expectation of privacy. **Maryland v. Dyson**, 527 U.S. 465, 466-67, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442 (1999) (per curiam); **State v. Harris**, 2011-0779 (La.App. 1 Cir. 11/9/11), 79 So.3d 1037, 1041.

Probable cause means a fair probability that contraband will be found. **Illinois v. Gates**, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. Whether probable cause existed at the time of the arrest must be determined without regard to the result of the subsequent search. **State v. Lumpkin**, 2001-1721 (La.App. 1 Cir. 3/28/02), 813 So.2d 640, 644, writ denied, 2002-1124 (La. 9/26/03), 854 So.2d 342.

Police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within it, may conduct a warrantless search of the vehicle as thoroughly as a magistrate could authorize. The scope of the warrantless search of an automobile is not defined by the nature of the container in which the contraband is secreted, but rather, is defined by the object of the search and the places in which there is probable cause to believe it may be found. That is, if probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may

4

conceal the object of the search. See **United States v. Ross**, 456 U.S. 798, 824-25, 102 S.Ct. 2157, 2172-73, 72 L.Ed.2d 572 (1982).

While the defendant does not specifically address the stop itself, we address that issue for the sake of completeness. When Officer Dejean, with his binoculars, saw what appeared to be a hand-to-hand drug transaction between the defendant and an unknown man outside of the defendant's vehicle, Officer Dejean clearly had reasonable suspicion, if not probable cause, to conduct an investigatory stop. See LSA-C.Cr.P. art. 215.1; **State v. Fearheiley**, 2008-0307 (La. 4/18/08), 979 So.2d 487, 489.

The defendant argues in brief that the search of his vehicle was illegal because Officer Dejean did not have a warrant and there was no enumerated exception to the warrant requirement to allow him to search the vehicle. The defendant cites to **Arizona v. Gant**, 556 U.S. 332, 349-51, 129 S.Ct. 1710, 1723, 173 L.Ed.2d 485 (2009), which held that the police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. The defendant notes that after he was arrested, he was placed in the back of a police unit. At this point, according to the defendant, Officer Dejean went back to his vehicle and seized the gun and marijuana in violation of **Gant**. The defendant's assertions are baseless, and **Gant** has no applicability to this case.

We address first the seizure of the marijuana. The marijuana at issue in this case was seized from the defendant's person following a valid search incident to arrest. See **State v. Surtain**, 2009-1835 (La. 3/16/10), 31 So.3d 1037, 1046-47. The search of the defendant's person immediately followed his arrest, regardless of whether at that moment it was a formal arrest or a de facto arrest, and occurred before he was placed in the back of the unit. According to Officer Dejean's testimony at trial and the motion to suppress hearing, after he and Officer Michael Norwood, also with the Hammond Police Department, were able to get the defendant out of his vehicle, the defendant was handcuffed[1] and a search incident to arrest was conducted. The officers found in the defendant's clothing a clear cellophane bag, knotted at the top, containing green

---

[1] At some point, the defendant was also read his **Miranda** rights.

5

vegetable matter. This evidence was sent to the crime lab and was identified at trial as 5.19 grams of marijuana.

While the search of the defendant's vehicle for marijuana was conducted while the defendant was in the back of the police unit, no marijuana was seized from the vehicle. As Officer Dejean explained at trial, he found only trace amounts of marijuana in the vehicle, which were not seized. Moreover, the search of the vehicle was not conducted pursuant to a search incident to arrest, thereby implicating **Gant**, but pursuant to a K-9 dog's alert to the presence of marijuana in the vehicle. The search of the vehicle was also based on probable cause pursuant to Officer Dejean smelling marijuana emanating from the vehicle when he first approached the defendant. Courts have consistently held that the odor of marijuana provides an officer with probable cause to conduct warrantless searches of vehicles. See **State v. Waters**, 2000-0356 (La. 3/12/01), 780 So.2d 1053, 1058 (per curiam); **State v. Matthews**, 2015-1281 (La.App. 1 Cir. 2/26/16), 191 So.3d 1080, 1085 n.2.

In **State v. Freeman**, 44,980 (La.App. 2 Cir. 1/27/10), 33 So.3d 222, 227 writ denied, 2010-0535 (La. 10/1/10), 45 So.3d 1094, the second circuit found that the case did not fall under **Gant** because the search of the vehicle was based on probable cause pursuant to the officer smelling marijuana and the dog alerting for drugs. See **State v. Arnold**, 2011-0626 (La. 4/27/11), 60 So.3d 599, 600 (per curiam); **State v. Johnlouis**, 2009-0235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, 1161-63, writ denied, 2010-0097 (La. 6/25/10), 38 So.3d 336, cert. denied, 562 U.S. 1150, 131 S.Ct. 932, 178 L.Ed.2d 775 (2011).

Finally, we note that since Officer Dejean smelled marijuana in the defendant's vehicle and therefore had probable cause to search it, even under **Gant**, the search would have been permissible because **Gant** allows for the search of a vehicle if there is reason to believe the vehicle contains evidence of the offense of arrest.

Regarding the seizure of the gun from the center console, it is not clear from Officer Dejean's testimony at trial and at the motion to suppress hearing whether he seized the gun immediately, that is, right after the defendant was taken out of the vehicle and before he was placed in the police unit; or whether he seized the gun after

6

the defendant was placed in the police unit. Whether the defendant was still outside or in the police unit is of no moment, however, because regardless of the defendant's location, the seizure of the gun was proper.

According to Officer Dejean's testimony, when the defendant started up his vehicle and grabbed the gear shift, Officer Dejean reached inside the vehicle and a struggle between the two men ensued. During the struggle, the defendant reached for the center console. In trying to stop him from opening the console, it caused the lid to lift a bit, and Officer Dejean saw a handgun in the console.

The plain view doctrine renders a warrantless search reasonable: (1) if the police officer is lawfully in the place from which he views the object; (2) where the object's incriminating character is immediately apparent; and (3) the officer has a lawful right of access to the object. See **Horton v. California**, 496 U.S. 128, 136-37, 110 S.Ct. 2301, 2307-08, 110 L.Ed.2d 112 (1990). Based on the plain view doctrine, Officer Dejean had the right to seize the gun. See **Arnold**, 60 So.3d at 600; **State v. Burton**, 2011-1023 (La.App. 5 Cir. 5/22/12), 98 So.3d 375, 382 n.6, writ denied, 2012-1422 (La. 1/11/13), 106 So.3d 547. Moreover, based on safety concerns, Officer Dejean had the right to seize the gun, even if the defendant had been removed from the area of the vehicle. See **State v. Perique**, 2018-981 (La. 6/28/18), 248 So.3d 317, 318 (per curiam) (finding that despite the limiting effect of **Gant**, the subsequent warrantless search and seizure of the weapon from under the defendant's driver's seat by the police was not unreasonable when there was an immediate and constitutionally reasonable concern for the safety of the officers and the general public); **State v. Clayton**, 2014-0100 (La.App. 1 Cir. 12/23/14), 2014 WL 7332116, *7 (unpublished), writ denied, 2015-0152 (La. 11/16/15), 184 So.3d 23 (finding the gun was legally seized from the vehicle pursuant to the "public safety" exception wherein the detective had a duty to the public to remove the gun from a place where it would be accessible to any passer-by).

Based on the foregoing, Officer Dejean properly seized both the gun and the marijuana pursuant to valid exceptions to the warrant requirement. This assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

In his second assignment of error, the defendant argues that felon in possession of a firearm statutes violate the right to keep and bear arms in violation of his constitutional rights.

The defendant cites in brief La. Const. art. 1, § 11 and the Second Amendment of the U.S. Constitution, which provide that the right to bear arms shall not be infringed. No briefs or motions were filed in the trial court regarding this issue. The defendant concedes the issue has not been raised until now, but contends that he is entitled to raise the issue because it involves a constitutional right.

In **State v. Bazile**, 2012-2243 (La. 5/7/13), 144 So.3d 719, 727, the Supreme Court addressed the preservation of constitutional issues for review:

> This court has long held the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. **State v. Hatton**, 2007-2377, p. 14 (La. 7/1/08), 985 So.2d 709, 719; [**State v.**] **Schoening**, 2000-0903, p. 3 [(La. 10/17/00)], 770 So.2d [762] at 764. In **Hatton**, the court set out the challenger's burden as a three-step analysis. "First, a party must raise the unconstitutionality in the trial court; second, the unconstitutionality of a statute must be specially pleaded; and third, the grounds outlining the basis of unconstitutionality must be particularized." **Id.**, 2007-2377, p. 14, 985 So.2d at 719. In addition, "the specific plea of unconstitutionality and the grounds therefor must be raised in a pleading." **Id.**[,] 2007-2377, p. 15, 985 So.2d at 720.

In **State v. Williams**, 2002-0898 (La. 10/15/02), 830 So.2d 984, 988, the Supreme Court further spoke to the issue as follows: "The general rule established by this Court is that issues not submitted to the trial court for decision will not be considered by the appellate court on appeal. Constitutional issues are no exception. **Vallo v. Gayle Oil Co.**, 94-1238 (La. 11/30/94), 646 So.2d 859."

Accordingly, this issue has not been preserved for review by this court. Moreover, we note that this issue has already been addressed and resolved. In **State v. Eberhardt**, 2013-2306 (La. 7/1/14), 145 So.3d 377, our Supreme Court found that La. R.S. 14:95.1 was constitutional. The **Eberhardt** Court, 145 So.3d at 383, 385, addressed, as well, the comparable findings by the United States Supreme Court:

> As we recognized in **State v. Amos**, the right to keep and bear arms, like other rights guaranteed by our State constitution, is not absolute. Further, the Supreme Court described a similar understanding of the nature and limitations of the right to bear arms in the analogous Second Amendment, in **District of Columbia v. Heller**, 554 U.S. 570,

8

626, 128 S.Ct. 2783, 2816, 171 L.Ed.2d 637 (2008), stating, "From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose."

*****

We also note that in **District of Columbia v. Heller** the Supreme Court, in evaluating the analogous Second Amendment right to bear arms, stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill[.] [Citation omitted.]

This assignment of error is without merit.

## REVIEW FOR ERROR

Pursuant to LSA-C.Cr.P. art. 920, this court routinely conducts a review for error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. After a careful review of the record, we have found a sentencing error.

Upon conviction for possession of a firearm by a convicted felon, LSA-R.S. 14:95.1(B) mandates imposition of a fine of not less than $1,000.00 nor more than $5,000.00. The trial court did not impose a fine. Although the failure to impose the fine is error under LSA-C.Cr.P. art. 920(2), it is not inherently prejudicial to the defendant. Because the trial court's failure to impose the fine was not raised by the State, we are not required to take any action. As such, and for purposes of judicial efficiency, we decline to correct the illegally lenient sentence imposed on count two. See **State v. Price**, 2005-2514 (La.App. 1 Cir. 12/28/06), 952 So.2d 112, 123-25 (en banc), writ denied, 2007-0130 (La. 2/22/08), 976 So.2d 1277. See also **State v. Zeno**, 2015-0763 (La.App. 1 Cir. 11/9/15), 2015 WL 6951581, *6 (unpublished), writ denied, 2015-2233 (La. 12/16/16), 212 So.3d 1175.

**CONVICTIONS AND SENTENCES AFFIRMED.**

9